# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**PETER J. KOLVA,**

    **Plaintiff,**

**VS.**　　　　　　　　　　　　　　　　**Case No. 4:16cv691-WS/CAS**

**C. MCGREW, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on October 31, 2016, by submitting a civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion, ECF No. 2, is problematic for two reasons. First, Plaintiff did not submit his motion on the required court forms which would have included the submission of a Prisoner Consent Form. That form must be signed to authorize deductions from a prisoner's Trust Fund Account. Second, Plaintiff's affidavit of indigency is supported by a Trust Fund Account Statement which demonstrates Plaintiff has the financial ability to pay the $400.00 filing fee. ECF No. 2.

Plaintiff's Statement reflects consistent deposits of $150.00 every Wednesday. Plaintiff's balance never went below $3,151.64 and, the ending balance as of October 13, 2016, was $4,049.11. *Id.* at 6-9.

Had Plaintiff submitted the Prisoner Consent Form, it would have contained this notice to prisoner plaintiffs:

> If I submit a civil rights complaint or other civil action, the filing fee is $350.00. If my current account balance is more than $400.00, I will not qualify for in forma pauperis status. I must pay the full $350.00 filing fee plus a $50.00 administrative fee before the Court will consider the merits of my complaint.

Pursuant to federal in forma pauperis statute, a federal court may authorize the commencement of a civil lawsuit without prepayment of fees by a person who submits an affidavit showing "the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). Because Plaintiff has adequate funds with which to pay the filing fee for this case, the in forma pauperis motion should be denied. Plaintiff should be provided 30 days in which to pay the $400.00 filing fee if he desires to proceed with this case. Alternatively, Plaintiff may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a) should he no longer desire to continue this litigation.

Case No. 4:16cv691-WS/CAS

It is respectfully **RECOMMENDED** that: (1) Plaintiff's in forma pauperis motion, ECF No. 2, be **DENIED** because Plaintiff's affidavit and account statement reveal he has sufficient funds to pay the filing fee for this case; (2) Plaintiff be provided 30 days in which to pay the $400.00 filing fee; and (3) this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 3, 2016.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**